UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARTELL JONES, #701358,                          )
                              Plaintiff,         )
                                                 )         No. 2:24-cv-53
-v-                                              )
                                                 )         Honorable Paul L. Maloney
MARSHA NURKALA, *et al.*,                        )
                              Defendants.        )
—————————————————————————)

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Jones, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed this lawsuit against several MDOC employees alleging they violated his civil rights. Three of the four defendants filed a motion for summary judgment for failure to exhaust administrative remedies (ECF No. 18). The Magistrate Judge issued a report recommending the Court deny the motion (ECF No. 21). Defendants file objections. The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge noted that Plaintiff filed a verified complaint. The Magistrate Judge found that Plaintiff alleged that the grievance system was not available to him because Defendants Christoff, Jurva and Nurkala denied Plaintiff grievance forms when requested. The Magistrate Judge concludes Defendants do not address these allegations in their motion for summary judgment and, therefore, a genuine issue of fact remains whether Plaintiff exhausted his administrative remedied.

Defendants object. Defendants contend that Plaintiff did not file any response and therefore waived any opposition to the motion.

The Court overrules Defendant's objection. Defendants do not object to the findings of fact in the R&R. The Court accepts that Plaintiff filed a verified complaint and Plaintiff's sworn statement that Defendants denied him access to the grievance process. For a motion brought under Rule 56, the moving party bears the burden of proof, regardless of whether an adverse party fails to respond. *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The court cannot grant the motion simply because the adverse party has not filed an answer and the court must examine the motion to determine whether the moving party has met its burden. *Id.* at 455. However, when a plaintiff files a response to a dispositive motion and fails to address arguments raised in the motion, the outcome is different. "It is well settled that abandonment may occur where a party asserts a claim in its complaint, but then fails to address the issue in response to an omnibus motion for summary judgment." *Anglers of the Au Sable v. United States Forest Serv.*, 565 F.Supp.2d 812, 839 (E.D. Mich. 2008) (collecting circuit court cases).

Defendants have not established any error of fact or law in the R&R.  The Magistrate Judge correctly applied the law to the facts outlined in the R&R.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 21) and **DENIES** Defendants' motion for summary judgment (ECF NO. 18).  **IT IS SO ORDERED.**

Date:  April 9, 2025                        /s/  Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge