UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL JONES,

     Plaintiff,

                                   Case No. 2:24-cv-53

v.

                                   Hon. Paul L. Maloney

MARSHA NURKALA, *et al.*,

     Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Martell Jones, a prisoner in the custody of the Michigan Department of Corrections, alleged a First Amendment retaliation claim against Defendants Marsha Nurkala, Unknown Jurva, Unknown Coronado, and Tedd Christoff.  He also alleged that Christoff violated his rights under the Fourteenth Amendment's Equal Protection Clause.  Defendants filed a motion for summary judgment.  ECF No. 38.  Magistrate Judge Maarten Vermaat reviewed the motion and issued a report recommending the Court grant Defendants' motion.  ECF No. 50.  Jones filed objections.   ECF No. 51. The Court will adopt the report and recommendation and grant Defendants' motion for summary judgment.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the report to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge recommends dismissing Plaintiff's claim for violations of his rights to equal protection. The Magistrate Judge finds that Jones failed to show that he was treated differently than similarly situated prisoners. Jones does not specifically object to this finding or recommendation.

Objections 1-7. Jones's first seven objections are not specific and, as a result, the Court does not need to address them. A district court need not consider objections that are "frivolous, conclusive, or general." *Id.* (citation modified). So "the parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (citation modified); *see also Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *1 (6th Cir. June 16, 2017) ("[A]n objection to the report in general is not sufficient and will result in waiver of further review."). Jones fails to do this in his first seven objections because each one refers to the entire report in full and makes conclusory statements about it without any elaboration.

Objection 8. Protected Conduct. In his eighth objection, Jones objects to the portion of the report addressing the retaliation claim against Christoff.[1] The Magistrate Judge found that Jones's threat to file a grievance in response to Christoff's verbal abuse did not constitute protected conduct. Jones argues that the report mischaracterizes the protected conduct at issue, which he now claims was his complaint to the porter about how his food was handled in light of his religious diet—not his threat to file a grievance. This comment to the porter, Jones argues, was protected conduct.

In Jones's verified complaint, there are at least two different potentially protected conducts at issue, Jones's complaint about the porter and Jones's threat to file a grievance against Christoff.

---

[1]    As part of objection 8, Jones argues he engage in protected conduct when he refused to plead guilty to a misconduct based on Jurva's demand. His refusal to plead guilty could not form protected conduct for his retaliation claim against Christoff.

For this retaliation claim, Jones identifies a single adverse action: fabricating a misconduct report against him. ECF No. 1 Compl. ¶ 34.  Judge Vermaat found that any grievance about Christoff's verbal harassment would be frivolous.  Plaintiff does not object to that portion of the R&R.

Concerning Jones's complaint to the porter, the court overrules Plaintiff's objection.  The Magistrate Judge did not identify this as protected conduct because Jones did not allege that his comments to the porter motivated any retaliation.  As Jones makes clear in his pleading, he threatened to file a grievance about Christoff's verbal abuse, which motivated Christoff to file the misconduct ticket.

22. Plaintiff informed said porter that his religious diet/meal must be served separately from regular trays and handled with separate gloves to prevent cross-contamination of meat and violation of the dietary laws of the Buddhist religion.

23. Defendant Christoff intervened an stated, "Fuck your religion and its dietary laws! Stop complaining and give me the plastic from your trays!"

. . .

25. Plaintiff then informed Defendant Christoff that he was going to write a grievance *for making said comment*.

. . .

29. Plaintiff [then asked] for a grievance form and request[ed] to speak with a supervisor.

30. While walking away, Defendant Christoff replied, "Grievance? Keep talking and you're gonna end up with a ticket and in the hole!"

31. During a subsequent round, Defendant Christoff paused near Plaintiff's assigned cell door and stated to Plaintiff, "Are you threatening me room 214, Jones! Oh, that's a ticket."

Compl. ¶ 22-23, 25, 29-31 (emphasis added).  The allegations in the verified complaint establish that Jones did not threaten to file a grievance about the manner in which his food was handled by the porter.  The allegations in the verified complaint also establish that Jones's threat to file a grievance motivated Christoff to issue the misconduct ticket. Jones has not pointed to any

3

allegations in the complaint, and has not pointed to any evidence in the record, connecting his complaints to the porter to an act of retaliation.

Objection 9. Preclusion. In Jones's ninth objection, he objects to the portion of the report addressing the retaliation claim against Jurva, Nurkala, and Coronado. Jones argues that the report's recommendation that the findings of his misconduct hearing had preclusive effect was incorrect because he lacked an opportunity to litigate the factual dispute. He also argues that the hearing officer did not actually reach the factual questions at issue.

The first part of Jones's objection deals with the third element of the test for whether the hearing should be given preclusive effect, whether the prisoner had a sufficient opportunity to litigate the issue. Jones argues that he did not have a sufficient opportunity to litigate the issues because "prison officials render[ed] the appeal procedure and administrative remedies unavailable to him through machination by denying his multiple requests for relevant documents and appropriate forms." Obj. 5. To support his objection, Jones cites a proposed supplemental complaint (ECF No. 32-1), which Judge Vermaat has already denied (Ord., ECF No. 41). There is no evidence in the record that Jones cites either in his complaint or response to the motion that supports his claim that he was denied access to the appeal procedure or relevant documents and forms. The court overrules this part of the ninth objection.

The second part of Jones's objection deals with the second element of the preclusion test, whether the hearing officer resolved the disputed issue of fact that was properly before him or her. Jones argues that the hearing officer did not reach the factual questions at issue for various reasons, including that the hearing officer did not refer to the Hearing Investigation Report, which, Jones argues, included statements by him that were not sufficiently authenticated. Jones's objection questions the basis for the hearing officers' factual conclusion, not whether the hearing officer

made a factual conclusion.  The hearing officer summarized the allegation against Jones in the "Describe Vioaltion" portion of the misconduct report.  The hearing officer noted that Jones asserted that the allegation was fabricated.  The hearing officer summarized the documents in the record.  The hearing officer then found Jones guilty of making a threat to attack. That conclusion necessarily rejected Jones's assertion that the officers fabricated evidence.  *See Peterson v. Johnson*, 714 F.3d 905, 913 (6th Cir. 2013) (explaining that a hearing officer resolved a disputed issue of fact when "he rejected Peterson's factual account").  The court overrules this part of the ninth objection.

Accordingly, the court **ADOPTS** the report and recommendation.  ECF No. 50.  The court **GRANTS**  Defendants' Motion for Summary Judgment.. ECF No. 38.  **IT IS SO ORDERED.**


Dated: July 23, 2026                                    /s/ Paul L. Maloney
                                                        PAUL L. MALONEY
                                                        UNITED STATES DISTRICT JUDGE


5